UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MODELINE TELFORT,
    Plaintiff,

v.

BUNKER HILL COMMUNITY
COLLEGE,
    Defendant.

C.A. 16-CV-11842-GAO

## PROTECTIVE ORDER

**Good cause having been shown** with respect to Modeline Telfort's student personnel record, **IT IS HEREBY ORDERED** as follows:

I. **Disclosure of Private Information**

    1.    Certain documents in the custody and control of Defendant Bunker Hill Community College contain information which is confidential and may be protected from disclosure by a variety of statutes and regulations including but not limited to G. L. c. 66A and G. L. c. 93H. Such information is referred to herein as "Private Information."

    2.    In consideration of the potential relevance of certain documents containing Private Information and the need for Plaintiff to have access to such materials in order to evaluate her claims in the above-captioned litigation ("Litigation"), as well as the Defendant's need to use such materials in its own defense in the Litigation, and after balancing these needs against the potential harms caused by use of such materials in the Litigation, the Court, subject to the specific provisions of this Protective Order, orders that Defendant may provide Plaintiff in this Litigation with documents containing Private Information, subject to relevancy and any other objection or claims of privilege, finding that the non-disclosure provision of the

1

Massachusetts Fair Information Practices Act, G. L. c. 66A, § 2(c),[1] and the typical protections afforded the requested information such as those enumerated in paragraph 1 must give way to the compelling interest in the correct disposal of the Litigation.

3. The Court further finds that the purposes of G. L. c. 66A, § 2(k)'s notice-and-opportunity-to-oppose provisions[2] and the notice provisions of other privacy statutes and regulations cannot be served in these circumstances and accordingly that Defendant may provide the Private Information without giving such notice to individuals whose Private Information will be provided to Plaintiff.

4. Nothing in this Protective Order is intended to, nor shall, in any way, alter the obligations imposed upon holders of Private Information in any future action, investigation, or matter. This Protective Order is entered solely for the purposes of the Litigation and any appeals arising from these proceedings.

5. Private Information produced by Defendant is only for use in the Litigation, subject to the specific provisions of this Protective Order. The production of Private Information by Defendant shall not constitute a waiver of right to assert its privileges over material other than that produced pursuant to this Protective Order and shall not constitute a waiver of Defendant's right to assert its privileges over the materials produced pursuant to this Protective Order and related materials in any other circumstances, including but not limited to other litigations, arbitrations, hearings, investigations, or similar settings.

---

[1] G. L. c. 66A, § 2(c) states that a holder of Personal Data will "not allow any other agency or individual not employed by the holder to have access to Personal Data unless such access is authorized by statute or regulations which are consistent with the purposes of this chapter or is approved by the data subject whose Personal Data are sought . . . ."

[2] G. L. c. 66A, § 2(k) states that a holder of Personal Data should "maintain procedures to ensure that no Personal Data are made available in response to a demand for data made by means of compulsory legal process, unless the data subject has been notified of such demand in reasonable time that he may seek to have the process quashed."

## II. Limitations on Disclosure of Private Information

6. The Private Information disclosed in connection with the Litigation shall be used solely for the purposes of developing a factual record during the Litigation and furthering the arguments of any party in the Litigation and may, without further agreement by the parties or order of this Court, be disclosed only to the following persons:

   a. attorneys, legal assistants, paralegals, secretaries, vendors engaged to assist with the Litigation, employees of the parties assisting with the Litigation, experts and consultants (and their staff) retained with respect to the Litigation;

   b. any person from whom testimony has been taken or is reasonably expected to be taken in the Litigation (whether by deposition or at trial or by affidavit), provided that any such person should only be allowed to view Private Information if it is necessary for the Litigation and, under no circumstances, should they be allowed to receive or possess copies of Private Information;

   c. this Court and its staff; and

   d. any court reporters present in their official capacity at any hearing, deposition or other proceeding in the Litigation.

7. Notwithstanding the above, in the event that the Parties seek to disclose any document marked as "Confidential," and/or to disclose the Private Information contained therein during the course of this Litigation, or in any other public or private forum concerning the allegations of the complaint, the parties are authorized to do so, but only if:

(1) the party seeking the disclosure notifies the opposing party of the intent to disclose the document(s) and/or information, including in that notification the identification of the particular documents or information to be disclosed and the forum or manner that such disclosure is contemplated; and

(2) all parties to this protective order mutually agree to redactions which would render the document effectively outside the scope of this order by removing Private Information.

In the event the parties cannot mutually agree to such redactions, they may file a motion to utilize those documents with this Court ~~in accordance with Rule 9A~~. Nothing in this paragraph or order precludes Defendant from utilizing the documents or information contained therein internally in the normal course of its business practices, or from disclosing them in any other manner in which they are statutorily authorized, or required, to do so.

### III. Use of Private Information

8. Any information or document produced during discovery which a party believes in good faith constitutes in part or in whole Private Information shall be so designated as "Confidential" thereby rendering it in its entirety subject to this Protective Order.

9. Deposition transcripts (including deposition exhibits) that a party contends contain any Private Information may be designated in their entirety by that party as "Confidential" and subject to this Protective Order.

10. If any document which reveals any Private Information is filed with the Court, that document shall be filed under seal, and not made available to the general public, even if it also contains non-private information. The Court may order a redacted copy to be filed on the public docket.

11. Information or documents containing or referencing Private Information shall be used solely for the purpose of developing a factual record and furthering the arguments of any party during any phase of the Litigation, including any appeals.

12. If a party believes that a document designated or sought to be designated Confidential by the Producing Party does not warrant such designation (the "Challenging Party"), the Challenging Party shall so notify the Producing Party in writing and meet and confer with the Producing Party to attempt to resolve the dispute. In the event that such a dispute cannot be resolved by the Challenging and Producing Parties, the Challenging Party or the Producing Party

may move the Court for a determination as to whether the designation is appropriate, ~~in accordance with Superior Court Rule 9A~~.

13. Nothing in this Protective Order is intended to, nor shall, inhibit in any way, the use of the information described in paragraph 1 by Defendants in their ordinary course of business.

14. If, after this order becomes effective, Private Information subject to this Protective Order is disclosed inadvertently or otherwise to any person other than in the manner authorized by this Protective Order, then the party responsible for the disclosure must, upon learning of the disclosure, inform counsel for the opposing parties (or inform the opposing party, if the party has no counsel) of all pertinent non-privileged facts relating to such disclosure in writing and shall make reasonable efforts to prevent any disclosure of Private Information by each unauthorized person who received Private Information.

15. Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not

    a. operate as an admission by any party that any particular discovery material contains or reflects any Private Information;

    b. operate as an admission of relevance or admissibility, or result in a subject matter waiver concerning additional documents that either party believes are protected from disclosure;

    c. prejudice in any way the rights of any party to object to the production of documents or information it considers not subject to discovery or otherwise protected from or limited in discovery; or

    d. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced or considered Private Information.

## IV. Return of Documents Containing Private Information

16. The provisions of this Protective Order shall survive any settlement, judgment or other disposition or conclusion of the Litigation, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Protective Order. Within ninety (90) calendar days of the final conclusion of the Litigation (including all time for appeals, or the expiration or dissolution by the Court of any consent decree, order or judgment, whichever is later), Plaintiffs shall return all documents designated as "Confidential" and all copies thereof in their possession including designated Confidential documents in the possession of all persons hired or retained by Plaintiffs to assist in connection with the Litigation. Plaintiffs shall provide a certification of compliance with this paragraph to counsel for the Defendants within one hundred and twenty days (120) of the final conclusion of the Litigation.

## V. Right to Seek Modification

17. Any party may at any time and for any reason seek modification of this Protective Order upon a motion duly made pursuant to the Federal Rules of Civil Procedure and the rules of this Court.

**IT IS SO ORDERED.**

DATE: _____        _____