UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11842-GAO

MODELINE TELFORT,
Plaintiff,

v.

BUNKER HILL COMMUNITY COLLEGE,
Defendant.

OPINION AND ORDER
June 30, 2017

O'TOOLE, D.J.

The plaintiff, Modeline Telfort, is a former nursing student at Bunker Hill Community College. After Telfort was dismissed from Bunker Hill's nursing program, she brought suit against the school, alleging that the school discriminated against her on the basis of her national origin in violation of Title VI of the Civil Rights Act, 42 U.S.C. § 2000, *et seq.*, and also breached its contract with her by failing to abide by the requirements of its student handbook. Bunker Hill now seeks to dismiss Telfort's breach of contract claim, contending that the Eleventh Amendment bars claims for relief against the Commonwealth of Massachusetts or its entities based upon violations of state law.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As the Amendment has been interpreted, in the absence of consent or waiver by the State, the Eleventh Amendment also bars suits brought in federal court against a State by its own citizens, regardless of the nature of the relief sought by the claimants. Pennhurst State Sch.

& Hosp. v. Halderman, 465 U.S. 89, 100–01 (1984) (citations omitted). "A state entity is similarly immune from suit if it functions as an 'arm of the [S]tate.'" Surprenant v. Mass. Tpk. Auth., 768 F. Supp. 2d 312, 317 (D. Mass. 2011) (quoting Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 662 (1st Cir. 2010); In re Dupont Plaza Hotel Fire Litig., 888 F.3d 940, 942 (1st Cir. 1989)).

To determine whether a state entity functions as an arm of the State, the court applies a two-stage framework. Grajales v. P.R. Ports Auth., 831 F.3d 11, 17–18 (1st Cir. 2016); Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. & the Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 68 (1st Cir. 2003). First, the court must determine if "the [S]tate has indicated an intention—either explicitly by statute or implicitly through the structure of the entity—that the entity share the [S]tate's sovereign immunity." United States v. Univ. of Mass., Worcester, 812 F.3d 35, 39 (1st Cir. 2016) (quoting Redondo Constr. Corp. v. P.R. Highway & Transp. Auth., 357 F.3d 124, 126 (1st Cir. 2004)). "While this survey is not controlled by a mechanical checklist of pertinent factors," factors that are germane in the state school context "include such things as the degree of state control over the entity, the way in which the entity is described and treated by its enabling legislation and other state statutes, how state courts have viewed the entity, the functions performed by the entity, and whether the entity is separately incorporated." Id. (citing Fresenius, 322 F.3d at 62 nn. 5–6, 65 n.7); see also Grajales, 831 F.3d at 17–18; Shocrylas v. Worcester State Coll., Civil Action No. 06-40278-FDS, 2007 WL 3332818, at *2–3 (D. Mass. Oct. 29, 2007) (citations omitted). "[I]f the analysis of these structural indicators reveals that 'the [S]tate clearly structured the entity to share its sovereignty,' then the entity is an arm of the [S]tate and the analysis is at an end." Grajales, 831 F.3d at 18 (quoting Fresenius, 322 F.3d at 68). But, if they "point in different directions," the court must proceed to the second stage to consider whether damages

would be paid from the public treasury in the event of an adverse judgment. Id. (quoting Fresenius, 322 F.3d at 68).

Here, the question focuses on whether Bunker Hill functions as an arm of the Commonwealth. As neither party contends that the Commonwealth explicitly expressed its intention that Bunker Hill share its Eleventh Amendment immunity, the answer hinges on whether the structural indicators point in that direction.

"[P]ublic universities 'usually are considered arms of the [S]tate.'" Univ. of Mass., Worcester, 812 F.3d at 40 (quoting 13 Charles Alan Wright, et al., Federal Practice and Procedure § 3524.2, at 325–26 & n.42 (3d ed. 2008)). Indeed, another court in this District recently reviewed the applicable case law and concluded that "with respect to Massachusetts state universities and colleges, every court [in this District] presented with the issue has concluded or assumed without issue that the state university or college at issue was a state agency for purposes of the Eleventh Amendment." Taite v. Bridgewater State Univ., No. 16-CV-10221-PBS, 2017 WL 1234101, at *5 (D. Mass. Feb. 17, 2017) (collecting cases), *adopted by* Order on Report & Recommendations, No. 16-CV-10221-PBS (D. Mass. Mar. 13, 2017). This appears to include community colleges. See id.; accord Campbell v. Bristol Cmty. Coll., Civil Action No. 16-11232-FDS, 2017 WL 722572, at *3 (D. Mass. Feb. 23, 2017) (citations omitted) (concluding that defendant community college was arm of Commonwealth and as such was entitled to sovereign immunity); Cichocki v. Mass. Bay Cmty. Coll., 199 F. Supp. 3d 431, 438 (D. Mass. 2016) (noting that it was undisputed that the defendant community college was "a state entity and therefore can assert Eleventh Amendment protection"); Nasson v. Van Winkle, Civ. A. No. 91-11823-WF, 1994 WL 175049, at *3–4 (D. Mass. Apr. 19, 1994) (assuming defendant community college was an arm of Commonwealth and dismissing school without prejudice to renewal if plaintiff discovered

evidence suggesting otherwise). Although every school "must be evaluated in light of its unique characteristics," Irizarry-Mora v. Univ. of P.R., 647 F.3d 9, 14 (1st Cir. 2011) (quoting Univ. of R.I. v. A.W. Chesterton, Co., 2 F.3d 1200, 1204 (1st Cir. 1993)), I find the weight of the authority and the reasoning in those cases are persuasive.[1]

Consequently, I conclude that structural indicators point in the direction that Bunker Hill functions as an arm of the Commonwealth, see Grajales, 831 F.3d at 17–18; Fresenius, 322 F.3d at 68, and thus cannot be sued in federal court by a private citizen for a violation of state law—in the circumstances, the breach of contract alleged in the Count II of the Complaint.[2]

For the foregoing reasons, Bunker Hill's Partial Motion to Dismiss Plaintiff's Amended Complaint (dkt. no. 25) is GRANTED. Count II, the plaintiff's breach of contract claim, is dismissed.[3]

---

[1] For instance, Bunker Hill, like the several campuses of the University of Massachusetts, the state colleges, and the other community colleges in the state educational system, fulfills the essential governmental function of providing public higher education to the citizens of the Commonwealth and beyond. Shocrylas, 2007 WL 3332818, at *5 (citations omitted). It is governed by an eleven-member board of trustees, ten of whom (including the chairman) are appointed by the governor. Mass. Gen. Laws ch. 15A §§ 21, 22. The board must prepare and submit a detailed budget in the form and manner directed by the governor and legislature, accounts under the board's control are audited regularly by the state auditor, and the board must submit an annual financial report covering all receipts and expenditures to the governor and legislature and a monthly statement of receipts and expenditures to the state comptroller. Mass. Gen. Laws ch. 73 §§ 10, 11, 13. The "elaborate system" of state controls and oversight "strongly indicates arm-of-the state status." See Univ. of Mass., Worcester, 812 F.3d at 41.

[2] Neither party contends that the Commonwealth has waived immunity for or consented to federal suits of the state law claim pleaded in the Complaint.

[3] The plaintiff requests leave to amend her complaint in the event that Bunker Hill prevails on its motion. Although leave to amend should be "freely given," Fed. R. Civ. P. 15(a), permission may be denied on various grounds, including futility. The plaintiff has not articulated a basis for amendment or any particular alterations that would permit her to circumvent Bunker Hill's immunity from her breach of contract claim in this Court. Therefore, the plaintiff's request is denied without prejudice. Should she wish to file a proper motion for leave to amend, accompanied

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

by a supporting memorandum and proposed amended complaint, she may do so within fourteen (14) days of this Opinion and Order.